IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 1:18CR003-B-S

JUSTIN HARRINGTON DARRELL

## MOTION TO SUPPRESS EVIDENCE

Defendant, Justin Harrington Darrell, by and through counsel, respectfully requests that all physical evidence and statements be suppressed based upon violation of the Constitution of the United States and the dictates of *Terry v. Ohio*. Mr. Darrell submits that law enforcement did not possess adequate reasonable suspicion to stop and subsequently search him and his vehicle. In support of this motion, Mr. Darrell would respectfully show as follows:

### I. Statement of Facts

On September 13, 2017, Alcorn County Sheriff's Office Deputy Shane Latch and Farmington Police Officer Mike Billingsley attempted to serve an arrest warrant on a female in Corinth, MS. A black car was parked in the driveway when the officers arrived. Mr. Darrell got out of the car and began walking toward the building. Officer Billingsley told Mr. Darrell to stop. Mr. Darrell continued walking towards the house. Officer Billingsley then ordered Mr. Darrell to stop and come back to him.

Mr. Darrell held a brown paper bag. Officer Billingsley took the bag and looked inside, finding an unopened bottle of whiskey. Alcorn County is a dry county.

Mr. Darrell had two knives attached to his belt. Officer Latch patted Mr. Darrell's

pockets, locating a pistol in his right front pocket and drugs in the left pocket. Mr. Darrell is a convicted felon.

Mr. Darrell was indicted by the grand jury on one count: felon in possession of a firearm in violation of Title 18, U.S.C. § 922(g)(1).

## II. Reasonable Suspicion

The stop of the Defendant was made in violation of the Fourth Amendment to the United States Constitution. The Fourth Amendment to the United States Constitution provides that:

> [T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. *U.S. Const. amend. IV*.

The Fourth Amendment has been made applicable to the activities of state law enforcement officials by virtue of the Fourteenth Amendment to the United States Constitution. *Mapp v. Ohio*, 367 U.S. 643 (1961). Mr. Darrell's arrest was illegal in that the seizure was not based upon reasonable suspicion or probable cause.

Warrantless searches and seizures are "*per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). The rule of *Terry v. Ohio*, 392 U.S. 1 (1968), represents "a very narrow exception." *United States v. Tookes*, 633 F.2d 712, 715 (5th Cir. 1980). Police officers may briefly detain a person for investigative purposes if they can point to "specific and articulable facts," not just a hunch or mere suspicion, that give rise to reasonable suspicion that a particular person has committed, is committing, or is about to

commit a crime. *United States v. Hill*, 752 F.3d 1029, 1033 (5th Cir. 2014). To find that reasonable suspicion existed to justify a stop, a court must examine the "totality of the circumstances" in the situation at hand, in light of the individual officers' own training and experience, and should uphold the stop only if it finds that "the detaining officer ha[d] a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)). Therefore, the inquiry must be whether the initial stop was justified, for if it was not, all that followed was the illegal fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471 (1963).

Mr. Darrell was seized when the officer ordered him to stop and return for questioning. The question is whether the officers can identify any "specific and articulable facts" to justify the seizure at its inception. One of the officers saw Mr. Darrell with a brown paper bag and assumed it contained alcohol. This cannot amount to the particularity required by the Fourth Amendment.

The Fifth Circuit has addressed a similar issue regarding an assumption that a brown paper bag contained illegal contraband. In *United States v. Robinson*, police officers approached a vehicle and noticed the driver attempting to push a paper bag under the seat. 535 F.2d 881 (5th Cir. 1976). The bag opened and an envelope slipped out, similar to the ones issued by the Department of Treasury. *Id*. at 881. The officer seized both Mr. Robinson and the checks in the bag which turned out to be fraudulent. Holding that no reasonable suspicion could be gleaned from the initial seizure, the Fifth Circuit suppressed the evidence. As to the paper bag, the Fifth Circuit noted, "The possession of a paper bag apparently containing one or

3

more envelopes is hardly a crime in itself and could not supply probable cause to arrest or conduct a further search." *Id*. at 884. A brown paper bag is not in itself, inherently illegal. Because the officers had no reasonable suspicion, the evidence was suppressed. A paper bag is not an item which would immediately appear to be evidence of criminal activity.

### III. Conclusion

Justin Darrell respectfully requests that all physical evidence and statements be suppressed based on the violation of the Constitution of the United States and the scriptures of *Terry*, by the officers failing to have an objectively reasonable, articulable suspicion that something illegal was taking place to justify the initial seizure. The search and seizure of Mr. Darrell violated constitutional standards, and any evidence seized and statements made must be suppressed under the doctrine of "the fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471 (1963). Mr. Darrell respectfully requests an evidentiary hearing on this motion. Supporting authority will be provided after said hearing.

Respectfully submitted,

JUSTIN HARRINGTON DARRELL

  /s/ Gregory S. Park
GREGORY S. PARK, MSB No. 9419
Assistant Federal Public Defender
1200 Jefferson Avenue, Suite 100
Oxford, Mississippi 38655
Telephone: (662) 236-2889
Fax: (662) 234-0428
greg_park@fd.org

CERTIFICATE OF SERVICE

I, Gregory S. Park, attorney for Defendant, Justin Harrington Darrell, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the following party will be notified electronically of filing:

    Scott Leary, AUSA
    Scott.leary@usdoj.gov

Dated, this the 7th day of August, 2018.

                                                */s/ Gregory S. Park*
                                                GREGORY S. PARK
                                                Assistant Federal Public Defender